IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALI AQEEL, et al. | ) |
| | ) |
| Plaintiffs, | ) NO. 3:21-cv-00181 |
| | ) |
| v. | ) JUDGE RICHARDSON |
| | ) |
| LIBERTY INSURANCE CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court is Plaintiffs Dwight Seeley, Pamela Seeley, Arij Ali, and Malina Ali's ("Dismissing Plaintiffs") Notice of Voluntary Dismissal (Doc. No. 52, "Notice"). Via the Notice, the Dismissing Plaintiffs give purported notice that they voluntarily dismiss without prejudice all of their claims in the pending litigation against Defendants. The Notice indicates that it relates solely to the Dismissing Plaintiffs and not to Plaintiffs Ali Aqeel, Laurel Readinger, and Levi Bartholemew.

Although Dismissing Plaintiffs cite Rule 41(a)(1)(A)(i), the Sixth Circuit has indicated that dismissal of a party or certain claims, rather than of an entire action, is more proper pursuant to Fed. R. Civ. P. 21. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21"); *SAPP Energy v. Greenwich Ins. Co.*, Civil Action No. 1:12-cv-00098-TBR, 2014 WL 12726322, at *3 (W.D. Ky. May 21, 2014) (voluntary dismissal under Rule 41(a)(2) provides only for dismissal of *all* claims, not particular ones).

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Rule 41(a)(2) provides for the voluntary dismissal of an *action*, not a claim or a party. The Sixth Circuit has interpreted "action" to mean "the entire controversy." *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty, Ky*, Civil Action No. 12-58-ART, 2012 WL 3644968, at *1 (E.D. Ky. Aug. 24, 2012); *SAPP Energy*, 2014 WL 12726322, at *3. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id.* at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id.* In other words, "the procedural vehicle makes a difference." *EQT*, 2012 WL 3644968, at *4.

For these reasons, the Court will construe Dismissing Plaintiffs' Notice (Doc. No. 52) as a motion under Rule 21 to drop certain Plaintiffs' claims, and the Court must make an independent determination that dropping these claims is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the claims of certain Plaintiffs as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Accordingly, Plaintiffs Dwight Seeley, Pamela Seeley, Arij Ali, and Malina Ali's claims against Defendants are hereby DISMISSED without prejudice. Plaintiffs Ali Aqeel, Laurel Readinger, and Levi Bartholemew's claims will proceed.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE