UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALI AQEEL, DWIGHT SEELEY, PAMELA SEELEY, LAUREL READINGER, LEVI BARTHOLOMEW, ARIJ ALI, and MALINA ALI, individually and on behalf of all other similarly situated <br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF INDIANA, <br>　　　　　　　Defendants. | Civil Action No. 3:21-cv-00181 <br><br>Judge Richardson <br><br>Magistrate Judge Newbern <br><br>JURY DEMAND |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants LIC, LMPIC, and Safeco Reply in Further Support of Motion to Dismiss:

## I. SUMMARY

Shortly after filing their response, the Ali Plaintiffs voluntarily dismissed their claims against LMPIC. (ECF No. 52). The Seeleys did the same against Safeco. (*Id*.). That same day, they then joined a lawsuit in the United States District Court for the District of Massachusetts: *Glasner v. American Economy Insurance Company, et al*.[1] They assert in *Glasner* the same claims that they asserted here. As reflected in this Court's July 12 Order, the remaining claims are those of Readinger and Bartholomew against LMPIC (the "Ohio Plaintiffs") and Aqeel against LIC. (ECF No. 53). Therefore, Safeco is no longer a Defendant.

This Court undisputedly lacks personal jurisdiction over LMPIC as to the Ohio Plaintiffs' claims. As a result, the United States Code requires LMPIC's dismissal. 28 U.S.C. § 1406(a) ("The district court . . . *shall* dismiss"). The Ohio Plaintiffs seek to avoid this result through transfer. But transfer is not available because Plaintiffs do not carry their burden to show that it is in the "interest of justice." *Id*.; *Stanifer v. Brannan*, 564 F.3d 455, 459 n.1 (6th Cir. 2009).

The Ohio Plaintiffs boldly assert "nothing in the record suggests that Plaintiffs intentionally abused the judicial process by filing their action in this District." (Response at 6). But a fuller account of the relevant facts would inform the Court that this lawsuit is not Ohio Plaintiffs' first bite at the "correct court" apple. Rather, in November 2020, the Ohio Plaintiffs—represented by the same counsel as here—filed suit against LMPIC, asserting the exact same claims as in this action, in Ohio Federal Court.[2] The Ohio Federal Court had subject matter and personal

---

[1] *Glasner* was initially filed on June 24, 2021. The *Glasner* filings are attached to Defendants' Response to Plaintiffs' Motion to Transfer Venue, and are incorporated here. Fed. R. Civ. P. 10(c).
[2] In the Ohio suit, No. 2:20-cv-06027 filed on November 23, 2020, Readinger and Bartholomew, plaintiffs, sued only LMPIC. Defendants incorporate by reference the exhibits attached to their Response to Plaintiffs' Motion to Transfer Venue. *See* Fed. R. Civ. P. 10(c).

jurisdiction, and venue was proper since all operative facts occurred in Ohio. And importantly, the Ohio lawsuit was filed within one year after the property loss of each Ohio Plaintiff, making the suit timely from a limitations standpoint. Inexplicably, the Ohio Plaintiffs then voluntarily dismissed that suit—unquestionably filed in the right court—a month later in December 2020.

Then, three months later, the Ohio Plaintiffs filed this potentially massive 13-state putative class action lawsuit asserting the exact same claims they dismissed in Ohio. It's undisputed that this Court lacks personal jurisdiction over the Ohio Plaintiffs' claims. Thus, proof of the Ohio Plaintiffs' forum shopping is now "in the record" and establishes an "abuse of the judicial process." These tactics should doom the transfer request under well-settled Sixth Circuit precedent. *Stanifer*, 564 F.3d at 458, 460.

Moreover, this forum shopping also forecloses the Ohio Plaintiffs' argument that this Court should save them from the bar of limitations. While they may well need saving, it is only because Plaintiffs alone put themselves at risk by timely filing suit in the correct court, dismissing that case, and then forum shopping to file suit in a court lacking jurisdiction. The Ohio Plaintiffs' attempt to impose the same lawsuit now on a *third* federal court is not in the "interest of justice," but rather in direct contradiction to it. Dismissal is proper.

Nor do the Ohio Plaintiffs' two professed excuses for supposedly believing that this Court would have jurisdiction overcome their forum shopping, much less lend support to the interest of justice analysis. The Ohio Plaintiffs' alleged reliance on the litigation decisions of other Liberty Mutual companies in *Holmes* is make-weight. *Holmes* cannot be a basis for any belief that LMPIC—which was not even a defendant in *Holmes*—was subject to personal jurisdictional here.

The Ohio Plaintiffs' purported reliance on a registered agent for LMPIC in Tennessee or its licensure here to establish general jurisdiction is equally unconvincing. The Sixth Circuit

explicitly held otherwise 28 years ago. *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993). Almost 4 years ago, this District Court held that *Pittock*'s holding was "binding precedent." *W. Express, Inc. v. Villanueva*, No. 3:17-CV-01006, 2017 WL 4785831, at *7 (M.D. Tenn. Oct. 24, 2017). And less than 3 months ago this Court rejected this exact argument. *Shelter Mut. Ins. Co. v. Bissell Homecare, Inc*., 3:20-CV-00813, 2021 WL 1663585, at *4, 8, & n.1 (M.D. Tenn. Apr. 28, 2021) (Richardson, J.). Thus, when they forum-shopped to file suit here, the Ohio Plaintiffs had absolutely *no* reason to believe that personal jurisdiction existed as to LMPIC.

## II. ARGUMENT AND AUTHORITIES

### A. It is Undisputed That The Court Lacks Personal Jurisdiction.

The Ohio Plaintiffs do not contend, much less attempt to prove, that the Court has personal jurisdiction. Indeed, the Ohio Plaintiffs have utterly failed to meet their burden. *Shelter Mut.*, 2021 WL 1663585, at *3. Thus, the court "shall" dismiss their claims. 28 U.S.C. § 1406(a).

### B. *Stanifer* Supports Dismissal Rather Than Transfer.

The "interest of justice" supports dismissal, not transfer. *Stanifer v. Brannan* is the controlling precedent, in which a Kentucky plaintiff sued two Alabama residents in Kentucky for an accident that occurred in Alabama. 564 F.3d at 456. Defendants moved to dismiss for lack of personal jurisdiction. *Id*. Rather than "attempt[ing] to establish valid grounds for jurisdiction" the plaintiff moved to transfer venue to Alabama. *Id*. The district court denied the transfer motion and dismissed for lack of personal jurisdiction. *Id*.

The Sixth Circuit emphasized the plaintiff's "misuse of the court's processes" in holding no abuse of discretion and affirmed the dismissal with "little hesitation." *Id*. at 460. The Circuit faulted the plaintiff for failing to offer any reason for "filing in what was obviously the wrong venue" and especially "*no reason at all for failing to file in the proper district*." *Id*. at 458 (emphasis added). The Ohio Plaintiffs actually did file first "in the proper district," then dismissed,

and then admittedly filed in the wrong court. By contrast, the *Stanifer* plaintiff simply filed once in the wrong court, which was enough for a holding that "the interests of justice swing against the plaintiff and not in his favor." *Id*. at 460. The facts here are much more egregious than *Stanifer* and thus dismissal is proper. *Id*. at 458-60; *Vital Pharm., Inc. v. Monster Energy Co.*, No. EDCV201127JGBSPX, 2020 WL 6162796, at *2 (C.D. Cal. Aug. 27, 2020) ("A key 'interest of justice' factor [under § 1404] is the prevention of forum shopping.").

C.  **The Ohio Plaintiffs' Reliance on *Holmes* is Meritless.**

The Ohio Plaintiffs purport to justify their decision to leave the correct Ohio court and come to the wrong Tennessee court based on a separate—and now resolved—suit. *Holmes v. LM Insurance Corp*.[3] In *Holmes*, some Tennessee plaintiffs sued several Liberty Mutual entities. One Mississippi plaintiff later joined the lawsuit, asserting claims only against his insurer Liberty Mutual Fire Insurance Company ("Liberty Fire"). The Ohio Plaintiffs contend that, because *Liberty Fire* did not challenge personal jurisdiction in *Holmes*, it was somehow plausible to believe that a different Defendant here—LMPIC—would do the same. This argument is meritless.

First, LMPIC was never a defendant in *Holmes*. Thus, *Holmes* is no basis to conclude anything about LMPIC, particularly the possible grounds upon which it may defend itself. Second, this excuse is just that—nothing in *Holmes* provides a reasonable basis to believe that specific or general jurisdiction existed over the Ohio Plaintiffs' forum-shopped claims. Any supposed expectation that LMPIC would waive jurisdiction is simply that: a hope for a waiver of a defense, not a good faith basis to conclude jurisdiction actually *existed*.[4]

---

[3] *Holmes*, No. 3:19-cv-00466 was filed on May 31, 2019, against Defendants LM Insurance Corporation, LIC, Liberty Fire, and Safeco Insurance Company of *America* (not Indiana). Defendants request the Court take judicial notice of the *Holmes* docket. Fed. R. Evid. 201(b).

[4] Only LIC is common to *Holmes* and this action. And in *Holmes* a Tennessee plaintiff only asserted claims against LIC—just like this action in which Aqeel (a Tennessee resident) sues only LIC. Appropriately, LIC did not contest jurisdiction in *Holmes* or here.

In any event, a concession of personal jurisdiction is not the same as its *existence*. To forego a personal jurisdiction challenge in a prior lawsuit by another defendant provides no basis to believe jurisdiction existed in *this* case as to LMPIC. *Harvey D. Bailey, Inc. v. Markel Ins. Co. of Canada*, No. 1:09-CV-372-SJD-TSH, 2010 WL 2710511, at *7 (S.D. Ohio Feb. 19, 2010) (Defendant's appearance in prior suit did not waive objection to jurisdiction in current suit).

D. **The Ohio Plaintiffs' Reliance on a Registered Agent and Licensure is Equally Unavailing.**

Similarly weak is the argument that because LMPIC is registered and licensed in Tennessee, LMPIC is "deemed to have consented to general jurisdiction within that state." (ECF No. 49 at 7). This borders on the frivolous. The Sixth Circuit held otherwise, settling the issue nearly thirty years ago. *Pittock,* 8 F.3d at 329. And, this Court concluded in 2017 that "the *Pittock* court held unequivocally that the mere designation of an agent for service of process in a particular state…, standing alone, does not constitute consent to general jurisdiction within that state." *Villanueva*, 2017 WL 4785831, at *5. "*Pittock* is binding precedent within the Sixth Circuit" on this precise issue. *Id*. at *7. As recently noted by this Court in citing to *Villanueva* and *Pittock*, "based on a discernible trend in the law over the last few decades . . . designation of an agent for service of process, standing alone, does not constitute consent to the general jurisdiction of this state." *Shelter Mut. Ins. Co.,* 2021 WL 1663585, at *4, 8, & n.1.[5] In short, when they filed suit in March 2021 there was absolutely no basis for the Ohio Plaintiffs to believe general jurisdiction existed.

### III. CONCLUSION

The Court should dismiss the claims of Plaintiffs Bartholomew and Readinger.

Dated: July 16, 2021

---

[5] An application to do business merely fulfills a legal requirement; it is not "sufficient" for personal jurisdiction. *Id*. at *9 (citing *Ratliff v. Cooper Lab'ys, Inc*., 444 F.2d 745, 748 (4th Cir. 1971)).

Respectfully submitted,

*/s/ L. Webb Campbell II*
L. Webb Campbell II

**SHERRARD ROE VOIGT & HARBISON, PLC**
L. Webb Campbell II (No. 11238)
Lauren Z. Curry (No. 30123)
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4537
(615) 742-4539 – Fax

**JACKSON WALKER LLP**
David T. Moran (*pro hac*)
Texas State Bar No. 14419400
Christopher A. Thompson (*pro hac*)
Texas State Bar No. 24003049
Maggie Burreson (*pro hac*)
Texas State Bar No. 24116150
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 – Fax

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following persons on the 16th day of July, 2021 via the Court's ECF system as follows:

J. Brandon McWherter (brandon@msb.law)
Erik D. Peterson (edp@austinmehr.com)
T. Joseph Snodgrass (jsnodgrass@larsonking.com)

By: */s/ L. Webb Campbell II*
 L. Webb Campbell II